IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CITY OF GREENSBORO, NORTH )
CAROLINA, )
 )
      Plaintiff, )
 )
v. ) 1:14-CV-683
 )
LABRIE ENVIROQUIP GROUP, et al., )
 )
      Defendants. )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on a motion to dismiss filed by Defendant Myers Power Products, Inc. ("Myers")[1]. Plaintiff, City of Greensboro, North Carolina, has not filed a response to this motion. This matter is now ripe for disposition. For the following reasons, it will be recommended that the Court grant Defendant's motion to dismiss.

## I. BACKGROUND

Plaintiff originally filed this products liability action against several defendants in Guilford County Superior Court. The action was removed to this Court on August 13, 2014. (Docket Entry 1). According to the Complaint, Plaintiff purchased six Labrie Automated Side Loader motor vehicles for waste disposal use. (Compl. ¶¶ 22-23, Docket Entry 9.) During the next several years, Plaintiff kept a regular maintenance schedule with the vehicles, going "beyond the minimum manufacturer recommendations." (*Id.* ¶ 24.) On three separate occasions in 2011 and 2012, two of Plaintiff's Labrie vehicles were heavily

---

[1] Myers Power Products, Inc. Group is also a named defendant in this action. Defendant Myers Power Products, Inc. asserts that "Myers Power Products, Inc. Group" is incorrectly named and designated in this action. (Def.'s Mem. at 1, Docket Entry 25.)

damaged after catching fire when "one of the hydraulic line hoses ruptured, spraying fluid on the vehicle's exposed turbocharger . . . ." (*Id.* ¶¶ 25, 28, 31.) Two of Plaintiff's employees were injured during these incidents. (*Id.* ¶¶ 27, 30, 33.) A subsequent accident report confirmed that a rupture of the hydraulic hoses caused the vehicle fires on all three occasions. (*Id.* ¶ 37.) Plaintiff's Complaint alleges causes of action for negligent design and breach of implied warranty of merchantability against Defendant Labrie[2], (*id.* ¶¶ 39-54), and a third cause of action against Defendant Amick Equipment Company, Inc. ("Amick") for breach of implied warranty of merchantability. (*Id.* ¶¶ 55-61.) In its Complaint, Plaintiff's sole reference to Defendant Myers is at paragraph twenty-one: "Defendant Myers Powers Products, Inc. and/or Defendant Myers Power Products Group, Inc. are the parent corporation of one or more of the "Labrie" Defendants listed herein, and/or exercised dominion and control over one or more of the "Labrie" Defendant[s] listed herein." (*Id.* ¶ 21.) On September 3, 2014, Myers filed the instant motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3]

## II. DISCUSSION

Where a party fails to file a timely response, the motion will be "considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Local Rule 7.3(k); *see also Kinetic Concepts, Inc. v. ConvaTec Inc.*, No. 1:08CV918, 2010 WL 1667285, at *6-8 (M.D.N.C. Apr. 23, 2010) (unpublished) (analyzing this Court's Local Rules 7.3(f), 7.2(a), and 7.3(k) and discussing authority supporting proposition that failure to

---

[2] Plaintiff refers to all Defendants collectively as "Labrie" defendants. Compl. ¶ 13.
[3] On November 7, 2014, this action was consolidated with another pending action brought by Plaintiff. (*See* Order, Docket Entry 31.)

respond to argument amounts to concession). Because Plaintiff failed to file a timely response, Myers' motion to dismiss could be granted as a matter of course pursuant to Local Rule 7.3(k). Alternatively, the Court recommends that the motion to dismiss be granted because Plaintiff's Complaint fails to allege a claim against Myers.

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Edwards*, 178 F.3d at 243. A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.*; *see also Simmons & United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is *plausible* on its face.") (emphasis in original) (internal citation and quotation marks omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

Defendant Myers argues that Plaintiff has failed to allege successor liability as the "parent corporation," or subsequent purchaser of another corporation. As a general rule, under North Carolina law, "a corporation that purchases all, or substantially all, of the assets of another corporation is not liable for the old corporation's debts." *Becker v. Graber Builders, Inc.*, 149 N.C. App. 787, 791, 561 S.E.2d 905, 909 (2002) (citation omitted). North Carolina courts have recognized four exceptions to this general rule:

> (1) where there is an express or implied agreement by the purchasing corporation to assume the debt or liability; (2) where the transfer amounts to a *de facto* merger of the two corporations; (3) where the transfer of assets was done for the purpose of defrauding the corporation's creditors; or (4) where the purchasing corporation is a 'mere continuation' of the selling corporation in that the purchasing corporation has some of the same shareholders, directors, and officers.

*G.P. Publications, Inc. v. Quebecor Printing-St. Paul, Inc.*, 125 N.C. App. 424, 433, 481 S.E.2d 674, 679, *disc. review denied*, 346 N.C. 546, 488 S.E.2d 800 (1990) (citing *Budd Tire Corp. v. Pierce Tire Co.*, 90 N.C. App. 684, 687, 370 S.E.2d 267, 269 (1988)). In the instant case, Plaintiff's Complaint is completely devoid of allegations sufficient to allege any exceptions to successor liability. Without more, Plaintiff merely asserts that Myers is the "parent corporation," exercising "dominion and control" over a "Labrie" Defendant. (Compl. ¶ 21.) Because Plaintiff fails to allege sufficient facts as to a plausible successor liability theory, Myers' motion to dismiss should be granted.

## III. CONCLUSION

For the reasons stated herein, **IT IS RECOMMENDED** that Defendant Myers' motion to dismiss be **GRANTED**. **IT IS FURTHER RECOMMENDED** that Defendant Myers Power Products, Inc. Group be terminated from this action as an improper designation of Myers Power Products, Inc.

/s/ Joe L. Webster
United States Magistrate Judge

December 15, 2014
Durham, North Carolina

5